UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
PENTAIR WATER TREATMENT (OH)
COMPANY (formerly known as
ESSEF CORPORATION) and
PENTAIR WATER POOL & SPA, INC.
(formerly known as PAC-FAB,
INC.) and PENTAIR WATER BELGIUM
BVBA (formerly known as STRUCTURAL
EUROPE N.V. formerly known as SFC),

       Plaintiffs,

              08 Civ. 3604 (BSJ)

  -against-

THE CONTINENTAL INSURANCE
COMPANY (as successor by merger to
FIDELITY & CASUALTY INSURANCE
COMPANY OF NEW YORK) and
CNA INSURANCE COMPANIES,

       Defendants.
------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF DEFENDANTS'
<u>MOTION TO DISMISS THE FIRST AMENDED COMPLAINT</u>**

# TABLE OF CONTENTS

Page

ARGUMENT..................................................................................3

I.

THE THIRD CLAIM FOR RELIEF IN THE FAC
MUST BE DISMISSED AS PLAINTIFFS HAVE NOT
ALLEGED A VIABLE CLAIM UNDER GBL §349..........................3

   A. Plaintiffs Have Failed To Allege That
      The Conduct Of Which They Complain
      Took Place In New York............................................................4

   B. Plaintiffs Have Failed To Allege That
      Their Claim Arises Out Of
      Consumer-Oriented Conduct......................................................6

   C. Plaintiffs Cannot Pursue Any Remedy
      Under Insurance Law §2601......................................................9

II.

PLAINTIFFS DO NOT DENY THAT THE FAC
MUST BE DISMISSED TO THE EXTENT IT IS
BASED UPON PLAINTIFFS' CLAIM THAT
DEFENDANTS WERE REQUIRED TO POST AN
APPEAL BOND ON THEIR BEHALF, BECAUSE
DEFENDANTS HAD NO SUCH DUTY......................................10

III.

CNA INSURANCE COMPANIES MUST BE
DISMISSED AS A DEFENDANT, AS PLAINTIFFS
HAVE FAILED TO ALLEGE ADEQUATELY THAT
IT IS A "JOINT VENTURE" AND IT IS NOT A
LEGAL ENTITY CAPABLE OF BEING SUED……………………………11

IV.

PLAINTIFFS' CROSS-MOTION SHOULD BE
DENIED, AS THE DECLARATIONS AND
EXHIBITS SUBMITTED BY DEFENDANTS
ARE ENTITLED TO CONSIDERATION…………………………………..14

CONCLUSION……………………………………………………………..........15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
PENTAIR WATER TREATMENT (OH)
COMPANY (formerly known as
ESSEF CORPORATION) and
PENTAIR WATER POOL & SPA, INC.
(formerly known as PAC-FAB,
INC.) and PENTAIR WATER BELGIUM
BVBA (formerly known as STRUCTURAL
EUROPE N.V. formerly known as SFC),

                           Plaintiffs,

                                                  08 Civ. 3604 (BSJ)

           -against-

THE CONTINENTAL INSURANCE
COMPANY (as successor by merger to
FIDELITY & CASUALTY INSURANCE
COMPANY OF NEW YORK) and
CNA INSURANCE COMPANIES,

                           Defendants.
----------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Defendants The Continental Insurance Company ("Continental"), as successor by merger to defendant Fidelity & Casualty Insurance Company of New York ("Fidelity") and CNA Insurance Companies respectfully submit the within reply memorandum of law in further support of their motion for an order:

    (i)      pursuant to F.R.C.P. 12(b)(6), dismissing the third claim for relief in the first amended complaint (the "FAC") on the ground it fails to state a claim upon which relief can be granted;

    (ii)     pursuant to F.R.C.P. 12 (b)(6), dismissing the FAC to the extent it is based upon plaintiffs' claim that defendants were required to post an

75113                                              1

>appeal bond on behalf of plaintiffs, on the ground it fails to state a claim upon which relief can be granted; and
>
>(iii)    pursuant to F.R.C.P. 12(b)(6) and 17(b), dismissing CNA Insurance Companies as a defendant on the ground that the FAC fails to state a claim upon which relief can be granted against it and on the ground that CNA Insurance Companies lacks the capacity to be sued.

Defendants also submit this reply memorandum of law in opposition to plaintiffs' cross-motion to strike the declarations (and attached exhibits) which defendants submitted in support of their motion to dismiss the FAC.

Defendants established, in their moving memorandum of law ("Moving Memo") that:

>-- Plaintiffs' cause of action under New York General Business Law §349 must be dismissed because plaintiffs have not alleged that any of the conduct by defendants of which they complain took place in New York and have not alleged that their claim arises out of "consumer-oriented" conduct;
>
>-- Defendants had no duty to post an appeal bond on behalf of plaintiffs in the Underlying Litigation* and therefore the FAC must be dismissed to the extent it is based upon defendants' declination to post such a bond; and
>
>-- Plaintiffs have failed to allege adequately that CNA Insurance Companies is a joint venture and, in any event, it is not an entity capable of being sued.

Plaintiffs, in their opposing memorandum of law ("Pls. Memo"), have failed to identify any facts or legal authorities which warrant the denial of defendants' motion. Plaintiffs do not deny that they have not alleged that any of defendants' allegedly offending conduct took place in New York. Plaintiffs fail to cite any case where a

---

* The identified terms have the same meaning as in the Moving Memo.

75113                                                        2

private commercial insurance coverage dispute was held to constitute a viable claim under GBL §349. Plaintiffs fail to cite any case where a private contractual dispute between commercially sophisticated parties and involving millions of dollars was deemed to be "consumer-oriented" conduct. Plaintiffs do not deny that defendants had no contractual obligation to post an appeal bond on their behalf. Plaintiffs do not deny that they have failed to meet the pleading requirements of a joint venture; although plaintiffs weakly claim that they have alleged a "joint venture by estoppel", they have also failed to satisfy that theory's pleading requirements. Finally, plaintiffs adduce no evidence that CNA Insurance Companies is an entity capable of being sued. As a result, defendants' motion should be granted in all respects.

In addition, plaintiffs' cross-motion should be denied, as the declarations and exhibits submitted by defendants in support of their motion to dismiss the FAC are all entirely appropriate and entitled to full consideration by this Court.

## ARGUMENT

### I.

### THE THIRD CLAIM FOR RELIEF IN THE FAC MUST BE DISMISSED AS PLAINTIFFS HAVE NOT ALLEGED A VIABLE CLAIM UNDER GBL §349

Defendants previously established that plaintiffs' effort, in their third claim for relief, to transform a routine insurance coverage dispute involving a single claim under a single policy issued by a single insurer into an alleged case of "consumer deception" must be deemed a failure because plaintiffs have not alleged a viable cause of action under GBL §349 (Moving Memo at 7-14). Plaintiffs have failed to allege two essential elements of a viable cause of action under §349 -- they have not alleged that the conduct

by defendants of which they complain took place in New York and they have not alleged that their claim arises out of "consumer-oriented" conduct. In response, plaintiffs do not deny that the conduct by defendants of which they complaint did not take place in New York, do not cite any case which ever upheld a §349 claim in the absence of that essential element and do not explain how a private contractual dispute between commercially sophisticated parties involving millions of dollars can be deemed "consumer-oriented" conduct.

### A. Plaintiffs Have Failed To Allege That The Conduct Of Which They Complain Took Place In New York

Defendants previously established that plaintiffs cannot pursue a claim under GBL §349 because they have not alleged an essential element of a cause of action under this statute – they have not alleged that the deceptive practices by defendants which allegedly injured them took place in New York (Moving Memo at 8-11). As previously shown, the courts, without exception, have dismissed claims under §349 when the pleader fails to allege that the deceptive practices by the defendant which allegedly injured it took place in New York. Here, plaintiffs do not allege that any of defendants' conduct took place in New York and therefore the dispositive authorities previously cited by defendants compel the dismissal of plaintiffs' third claim for relief.

Plaintiffs, in response, do not deny that they have failed to allege that any of defendants' purported conduct took place in New York. Instead, plaintiffs place great weight on the fact that the Underlying Litigation was venued in this Court (Opposing Memo at 10). However, plaintiffs' argument ignores the applicable language of §349 and the analysis in the dispositive cases relied upon by defendants. The statute and these

cases make crystal-clear that it is the allegedly deceptive conduct of the defendant which must take place in New York and that is precisely what plaintiffs have not alleged; they do not claim that any of defendants' *conduct* with regard to the Policy took place in New York.

Plaintiffs have failed to cite any case where a plaintiff was permitted to pursue a §349 claim even though it did not allege the deceptive practices which allegedly injured it took place in New York. The only case cited by plaintiffs, Leider v. Ralfe, 387 F.Supp.2d 283 (S.D.N.Y. 2005), not only is easily distinguished, but also, it underscores the critical element which is absent from plaintiffs' pleading. In Leider, the plaintiffs alleged that the defendant De Beers diamond group, through its monopolistic conduct and false advertising, artificially inflated the market for diamonds and thereby forced consumers to overpay for diamonds and diamond jewelry. To support their assertion of a cause of action under §349, the plaintiffs specifically alleged that the defendants' conduct which injured them had a substantial New York nexus: De Beers' collusive agreements and other anticompetitive U.S. conduct were undertaken in and disseminated from New York; De Beers' false advertising was created in and disseminated from New York; De Beers maintained a call center in New York; and plaintiffs were damaged in New York when they purchased diamonds and diamond jewelry at inflated prices in New York. 387 F.Supp.2d at 294.

In vivid contrast, here plaintiffs do not allege that defendants did anything in New York. Plaintiffs do not allege that they were solicited by defendants in New York for the sale of the Policy. Plaintiffs do not allege that they ever met with defendants in New York concerning the Policy. Plaintiffs do not allege that they purchased the Policy

in New York. Plaintiffs do not allege that they paid premiums for the Policy in New York. Plaintiffs do not allege that they have any assets in New York. Plaintiffs do not allege that they or their counsel ever corresponded with defendants or their counsel in New York concerning the Policy or the Underlying Litigation. Plaintiffs do not allege that any of the claims handling of which they complain took place in New York. There is absolutely no allegation of any conduct by defendants in New York, much less any conduct that allegedly deceived plaintiffs.

The controlling authorities make clear that in the absence of sufficient allegations of deception by the defendant in New York, a §349 claim cannot survive a threshold motion to dismiss. Since plaintiffs' pleading contains absolutely no allegations of any deception by defendants in New York, plaintiffs' claim under §349 must be dismissed.

### B. Plaintiffs Have Failed To Allege That Their Claim Arises Out Of Consumer-Oriented Conduct

Defendants previously established that plaintiffs' attempted claim under §349 must also fail because plaintiffs have not alleged that their claim arises out of consumer-oriented conduct (Moving Memo at 11-14). As even one of the cases relied upon by plaintiffs makes clear, "Courts in this District routinely reject claims brought under §349 where a commercial claimant does not adequately allege harm to the public interest." Gucci America, Inc. v. Duty Free Apparel, Ltd., 277 F.Supp.2d 269, 273 (S.D.N.Y. 2003) (dismissing counterclaim asserted under §349). As previously shown, where, as here, a plaintiff asserts a routine insurance coverage dispute and contends, in entirely conclusory language, that this dispute is part of a wider unfair claims settlement policy, the courts have repeatedly held this is merely a private dispute and does not constitute a

viable claim under §349 (Moving Memo at 12).  Furthermore, where, as here, the plaintiff seeking coverage is a commercial entity, the courts of this Circuit have unanimously rejected efforts to transform a private insurance coverage dispute into a §349 claim.  Perfect Dental, PLLC v. Allstate Ins. Co., 2006 WL 2552171, *2-3 (E.D.N.Y. 2006), USAlliance Federal Credit Union v. Cumis Ins. Society, 346 F.Supp.2d 468, 472 (S.D.N.Y. 2004), Lava Trading Inc. v. Hartford Fire Ins. Co., 326 F.Supp.2d 434, 438-39 (S.D.N.Y. 2004), Grand General Stores, Inc. v. Royal Indemnity Co., 1994 WL 163973, *3-4 (S.D..N.Y. 1994), Tinlee Enterprises, Inc. v. Aetna Casualty & Surety Co., 834 F.Supp. 605, 608-10 (E.D.N.Y. 1993), Asbeka Industries v. Travelers Indemnity Co., 831 F.Supp. 74, 88 (E.D.N.Y. 1993), Excel Electronics & Photo Corp. v. Aetna Cas. and Sur. Co., 1991 WL 259257, *7 (S.D.N.Y. 1991).

In response, plaintiffs have failed to identify any facts or authorities that warrant a contrary conclusion.  Plaintiffs have cited only a single instance where an insurance coverage dispute involving a commercial entity was held to state a viable claim under §349, In re U.S. Lines, Inc., 169 B.R. 804 (Bkr. S.D.N.Y. 1994), rev'd on other grounds, 220 B.R. 5 (S.D.N.Y. 1997), rev'd on other grounds, 197 F.3d 631 (2d Cir. 1999), and that decision is readily distinguished.  In that case, a disbursement trust, created to administer asbestos-related personal injury claims by the debtors' employees, asserted a claim under §349 against the debtors' liability insurers.  In upholding the plaintiff's pleading, the court specifically identified the substantial nexus to the public interest that was involved, as the ultimate beneficiaries of the funds which the trust sought to collect would be thousands of personal injury claimants.  164 B.R. at 826 n. 24.  No such public interest is involved here; if plaintiffs are ultimately successful in this case, the only

beneficiaries of any payments by Continental will be plaintiffs.

Plaintiffs also tout their pleading, claiming that they have alleged that their transaction with defendants was part of a larger "scheme" by defendants and thus implicated the public interest (Pls. Memo at 6). However, plaintiffs' conclusory allegations of a wider "scheme" are precisely the kind of conclusory allegations which the courts in this Circuit have repeatedly adjudged to be insufficient. Perfect Dental, PLLC v. Allstate Ins. Co., supra, 2006 WL 2552171 at *3, USAlliance Federal Credit Union v. Cumis Ins. Society, supra, 346 F.Supp.2d at 472, Lava Trading Inc. v. Hartford Fire Ins. Co., supra, 326 F.Supp.2d at 438-39, Grand General Stores, Inc. v. Royal Indemnity Co., supra, 1994 WL 163973 at *3-4, Tinlee Enterprises, Inc. v. Aetna Casualty & Surety Co., supra, 834 F.Supp. at 609-10.

Plaintiffs, in their pleading (FAC ¶¶ 71-79), do not supply any specific facts as to defendants' purported "scheme"; they do not identify any other instances where defendants sold a policy or denied coverage under similar (or even remotely similar) circumstances. Instead, they merely parrot the elements of Insurance Law §2601 and "make general allegations consisting of catch phrases." Perfect Dental, id. Although a plaintiff alleging a claim under §349 does not have to meet the particularity requirements of F.R.C.P. 9(b), such a plaintiff "must allege with some specificity the allegedly deceptive acts or practices… Any other rule would effectively permit a plaintiff to convert almost any garden-variety breach of contract cause of action into a violation of Section 349." USAlliance Federal Credit Union v. Cumis Ins. Society, Inc., id. This is exactly what plaintiffs have attempted to do here – they have attempted to transform their garden-variety insurance coverage claim into a §349 claim by dressing up their

pleading with conclusory allegations of a wider "scheme."

Defendants also established that under New York law, a private contractual dispute between sophisticated commercial entities, involving millions of dollars, will not be deemed to involve consumer-oriented conduct within the meaning of §349 (Moving Memo at 12-14). Plaintiffs, in response, fail to cite any instance where a court has upheld a §349 claim under similar circumstances (Pls. Memo at 9). The three cases which they do rely on are all readily distinguishable. In U.S. Lines, as discussed above, the dispute at issue involved a strong element of public interest because the ultimate beneficiaries would be thousands of injured workers; no such element of public interest is present in this case. In Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 623 N.Y.S.2d 529 (1995), the plaintiff's claims were based not upon a private transaction but upon a quintessential consumer transaction -- a bank's provision of signature cards to its customer. Moreover, in that case, the Court of Appeals expressly ruled that "[p]rivate contract disputes, unique to the parties," are outside the purview of §349. 85 N.Y.2d at 25, 623 N.Y.S.2d at 532. Finally, the decision in Schroders, Inc. v. Hogan Systems, Inc., 137 Misc.2d 738, 522 N.Y.S.2d 404 (Sup.Ct.N.Y.Co. 1987), in which the court held that a private contractual dispute could give rise to a §349 claim, preceded, and was implicitly overruled by, the Court of Appeals' decision in Oswego Laborers.

### C. Plaintiffs Cannot Pursue Any Remedy Under Insurance Law §2601

Defendants previously established (Moving Memo at 4), and plaintiffs do not deny, that there is no private cause of action under Insurance Law §2601 and plaintiffs

therefore cannot pursue any independent remedy under that statute.

## II.

## PLAINTIFFS DO NOT DENY THAT THE FAC MUST BE DISMISSED TO THE EXTENT IT IS BASED UPON THE CLAIM THAT DEFENDANTS WERE REQUIRED TO POST AN APPEAL BOND ON THEIR BEHALF, <u>AS PLAINTIFFS DO NOT DENY THAT DEFENDANTS HAD NO SUCH DUTY</u>

Defendants previously demonstrated that the FAC must be dismissed to the extent it is based upon the allegation that defendants breached a duty to plaintiffs by not posting an appeal bond on their behalf with regard to the Underlying Litigation. The pertinent policy language makes unambiguously clear that defendants had no obligation to post an appeal bond on plaintiffs' behalf and therefore defendants did not breach any duty to plaintiffs by not posting an appeal bond (Moving Memo at 15-16).

Plaintiffs' response (Pls. Memo at 13) is baffling: they do not controvert defendants' arguments but they cannot bring themselves to concede that the FAC must be dismissed to the extent it is based upon the appeal bond claim. Plaintiffs do not deny that under the Policy and the Westchester Policy, Continental was not required to furnish any appeal bond on behalf of any insured and its obligation with regard to any appeal bond, at most, was to pay the premium for such a bond. Plaintiffs do not deny that they never asked Continental to pay such a premium. Plaintiffs admit that defendants' only obligation was "to provide the coverage that Essef bargained for and relied on when purchasing the Policy" (Pls. Memo at 13) and they do not deny that they *did not* bargain for an obligation to post an appeal bond on their behalf.

Continental cannot be liable to plaintiffs for not performing a duty which even

plaintiffs admit it did not have under the Policy. As a result, the FAC must be dismissed to the extent it is based upon defendants' declination to post an appeal bond on plaintiffs' behalf in the Underlying Litigation.

### III.

### CNA INSURANCE COMPANIES MUST BE DISMISSED AS A DEFENDANT, AS PLAINTIFFS HAVE FAILED TO ALLEGE ADEQUATELY THAT IT IS A "JOINT VENTURE" AND IT IS NOT A LEGAL ENTITY CAPABLE OF BEING SUED

Defendants previously established that plaintiffs have failed to allege any viable basis for asserting their causes of action against CNA Insurance Companies (Moving Memo at 17-20). All plaintiffs have done is simply set forth an almost random group of assertions concerning CNA Financial Corporation ("CNA Financial") and its subsidiaries and blithely assert that they constitute a "joint venture" named CNA Insurance Companies*. However, what are absent are any allegations of the five essential elements of a joint venture. The courts uniformly dismiss allegations of a joint venture where, as here, the pleader fails to allege all of the required elements of a joint venture (Moving Memo at 17-18).

Plaintiff, in response, have not cited any case where a pleading of a joint venture survived a motion to dismiss even though the pleading did not set forth all of the required elements. In fact, plaintiffs have not cited *any* case which involved the sufficiency of the pleading of a joint venture; the holding in the only case cited by plaintiffs, John's, Inc. v. Island Garden Center of Nassau, Inc., 49 Misc.2d 1086, 269

---

* Plaintiffs still have not clarified whether they are alleging that CNA Financial is a member of the alleged joint venture; as previously shown, if they are, this Court lacks subject matter jurisdiction (Moving Memo at 18 n. 4).

75113                                    11

N.Y.S.2d 231, (Dist.Ct.Nassau Co. 1965), aff'd, 53 Misc.2d 1021, 280 N.Y.S.2d 34 (App.T.2d Dep't 1967), was limited to whether service of process on one corporate defendant could be imputed to another corporate defendant. Instead, plaintiffs try to salvage their pleading by contending that CNA Insurance Companies "held themselves out" as a joint venture to plaintiffs and therefore CNA Insurance Companies, in effect, should be deemed a joint venture by estoppel (Pls. Memo at 14-15). However, once again, plaintiffs' pleading is facially deficient as it fails to allege the essential elements of a joint venture by estoppel.

In order to establish a joint venture or partnership by estoppel, a pleader must allege two essential elements: first, that the defendant represented to the injured party that a joint venture or partnership existed; and second, that the injured party relied on that representation to his or her detriment. First American Corp. v. Price Waterhouse LLP, 988 F.Supp. 353, 358 (S.D.N.Y. 1997). Neither element has been alleged here by plaintiffs.

First, plaintiffs do not allege that Fidelity or Continental ever represented to them that Fidelity or Continental was part of a joint venture called "CNA Insurance Companies." Plaintiffs admit that the Policy was issued only by Fidelity (FAC ¶13), they do not claim that the Policy was issued by "CNA Insurance Companies." Plaintiffs do not allege that they ever received any documents from "CNA Insurance Companies". Plaintiffs do not claim that they ever corresponded or sought coverage from "CNA Insurance Companies"; indeed, the phrase "CNA Insurance Companies" did not even appear in any of the correspondence relating to the Underlying Litigation which is alleged in the FAC (see Exhibits D through J to the moving declaration of Robert M.

Kaplan).

Second, plaintiffs do not allege that they relied, to their detriment, on any representation as to the existence of a joint venture named "CNA Insurance Companies." Since plaintiffs have not alleged that such representation was ever made to them, it is unsurprising that they never relied on such a non-existent representation.

Plaintiffs, acknowledging the utter insufficiency of their claims against CNA Insurance Companies, request that they be excused for their failure to meet the applicable pleading requirements and be granted the right to pursue limited discovery on the existence of a "joint venture" (Pls. Memo at 18-19). This request is utterly baseless as a matter of both fact and law. Plaintiffs have not submitted any affidavit explaining why they could not meet the applicable pleading requirements. Plaintiffs cite no case where a party was granted the right to conduct discovery because it could not meet the applicable pleading requirements. Plaintiffs have it completely backwards; a plaintiff is required to compose a legally sufficient pleading before a defendant must be subjected to discovery. Greene v. Emersons, Ltd., 86 F.R.D. 66, 73 (S.D.N.Y. 1980). Plaintiffs do not explain why, out of the innumerable plaintiffs who cannot meet the applicable pleading requirements, they are somehow entitled to unique treatment.

Furthermore, plaintiffs' claim of a "joint venture" is a baseless charade. It could not be clearer that this purported "joint venture" is nothing more than the *post hoc* invention of plaintiffs' counsel. Plaintiffs, in their original complaint, did not allege that "CNA Insurance Companies" was a "joint venture"; instead, they alleged it was an "unincorporated association" (docket entry no. 1). It was only after defendants moved to dismiss that allegation on the ground that it was inadequately pleaded (docket entries no.

8 and 10) that plaintiffs abruptly shifted gears and alleged the spurious "joint venture". This imaginary "joint venture" is nothing more than a tactical gambit by plaintiffs' counsel which should not be indulged any longer.

Finally, as previously shown, CNA is not a legal entity which is capable of being sued (Moving Memo at 20). Although plaintiffs, in response, place great weight on the decision in Continental Casualty Co. v. Diversified Industries, Inc., 884 F.Supp. 937 (E.D.Pa. 1995), that case is readily distinguished. In that case, the court appeared to be confused as to the usage of the term "CNA." However, as previously shown by defendants, "CNA" is merely a service mark used by the subsidiaries and affiliates of CNA Financial.

## IV.

### PLAINTIFFS' CROSS-MOTION SHOULD BE DENIED, AS THE DECLARATIONS AND EXHIBITS SUBMITTED BY DEFENDANTS ARE ENTITLED TO CONSIDERATION

Plaintiffs' cross-motion, which seeks to strike the declarations and attached exhibits which defendants submitted in support of their motion to dismiss the FAC, is without merit and should be denied. Both of those declarations and their accompanying exhibits are entirely appropriate submissions on this motion and entitled to consideration by this Court.

First, in evaluating a motion to dismiss a complaint pursuant to F.R.C.P. 12(b)(6), it is appropriate to consider the documents that are explicitly referenced in the complaint. Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002), Matusovsky v. Merrill Lynch, 186 F.Supp.2d 397, 400 (S.D.N.Y. 2002). Here, the declaration of Robert M. Kaplan, submitted in support of defendants' motion, simply set

forth the FAC and the documents that are explicitly referenced in the FAC. Exhibit A to Mr. Kaplan's declaration is the FAC; Exhibits B and C are the insurance policies referenced in paragraphs 13 and 14 of the FAC; Exhibits D through J are the correspondence referenced in paragraphs 39, 41, 43, 44, 45, 47 and 50 of the FAC; and Exhibit K is one of CNA Financial's SEC filings, which are referenced in paragraph 23 of the FAC. As a result, Mr. Kaplan's declaration and the attached exhibits are entitled to consideration by this Court on this motion.

Second, when, on a motion to dismiss, an issue is raised as to the capacity of a defendant to be sued, it is appropriate to consider affidavits on that issue. <u>Rachells v. Cingular Wireless</u>, 483 F.Supp.2d 583, 587 (S.D.Ohio 2007). Here, the declaration of David Lehman (and the attached exhibits), submitted in support of defendants' motion, addressed the capacity of CNA Insurance Companies to be sued. As a result, Mr. Lehman's declaration and the attached exhibits are entitled to consideration by this Court on this motion.

## **CONCLUSION**

Therefore, for all the reasons set forth above and in the moving papers, it is respectfully requested that (i) defendants' motion to dismiss the FAC be granted in all respects and the third cause of action be dismissed, the FAC be dismissed to the extent it is based upon plaintiffs' claim that defendants were required to post an appeal bond on behalf of plaintiffs and CNA Insurance Companies be dismissed as a defendant and (ii) plaintiffs' cross-motion be denied in all respects.

Dated: New York, New York
       August 1, 2008

FERBER CHAN ESSNER & COLLER, LLP

By: /s/ Robert M. Kaplan
    Robert M. Kaplan (RK1428)
Attorneys for Defendants
530 Fifth Avenue
New York, New York 10036-5101
(212) 944-2200